DOCUMENT 2
ELECTRONICALLY FILED
6/21/2017 3:00 PM
09-CV-2017-900046.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
RASHAWN HARRIS, CLERK

# IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| LONG EXCAVATING & RECYCLING, LLC; BROCK CODY; CHARLES STEWART LONG, JR., | )<br>)<br>) |
| PLAINTIFFS, | ) CIVIL ACTION NUMBER:<br>)<br>) |
| V. | )<br>) |
| BATES HEWETT & FLOYD INSURANCE AGENCY, DEE DEE GERMANY, et.al., | ) JURY TRIAL DEMANDED<br>)<br>)<br>) |
| DEFENDANT. | )<br>) |

## COMPLAINT

**COME NOW THE PLAINTIFFS, LONG EXCAVATING & RECYCLING, LLC, BROCK CODY AND CHARLES STEWART LONG, JR.,** in the above matter saying as follows:

1. Long Excavating & Recycling, LLC, (hereafter "Long Excavating" or "Long" unless otherwise stated) is a Limited Liability Corporation organized under the laws of the State of Alabama and is otherwise subject to the jurisdiction of this Court. Long Excavating is owned by Brock Cody and Charles Stewart Long, Jr.
2. Brock Cody is a member owner of Long Excavating, and is a resident citizen of the State of Alabama, and is otherwise subject to the jurisdiction of this Court.
3. Charles Stewart Long, Jr., is a member owner of Long Excavating, and is a resident citizen of the State of Alabama, and is otherwise subject to the jurisdiction of this Court.
4. Bates Hewett & Floyd Insurance Agency is, upon information and belief a Corporation organized under the laws of the State of Florida, who was at all times material to this action doing business in the State of Alabama, and is otherwise subject to the jurisdiction of this Court.
5. Dee Dee Germany was at all times material hereto an agent employee of Bates Hewett & Floyd.

## FACTS

6. On or about March 29, 2016, Brock Cody, Charles Stewart Long, Jr., were the owners and sole members of Long Recycling Excavating, LLC, (hereafter "Long Excavating" or "Long" unless otherwise stated).

7. Long Excavating is a logging business and was at all times material hereto performing logging work in Bullock County, Alabama.
8. As part of the terms of the logging contract under which Long Excavating was operating, Long Excavating was required to procure and maintain insurance coverage for its equipment and logging activities in the cutting of a timber tract in Bullock County, Alabama.
9. In keeping with said logging contract, Plaintiff's Brock Cody and Charles Long, individually and as member owners of Long Excavating, obtained insurance coverage through Bates Hewett & Floyd Insurance Agency (hereafter "Bates" unless otherwise stated). Bates is an insurance agency located in Palatka, Florida.
10. Dee Dee Germany (hereafter "Germany" unless otherwise stated) acted as the representative for Long Excavating, Charles Long, Jr., and Brock Cody. Germany was at all times material hereto acting individually and as agent of Defendant Bates.
11. Bates in turn brokered insurance coverage for Plaintiffs with Arch Insurance Company and/or Arch Insurance Group (hereafter "Arch" unless otherwise stated) based in Kansas City, Missouri.
12. Upon information and belief, Bates acted as agent broker in procuring insurance for the Plaintiffs, and brokered Plaintiff's insurance coverage through Daigle & Associates, Inc., of Clinton, MS (hereafter "Daigle" unless otherwise stated). Daigle, upon information and belief, acted as the General agent in the transaction.
13. Defendant Bates also obtained financing for Plaintiff's under a Premium Finance Agreement with Westfield Bank of Medina, Ohio (hereafter "Westfield" unless otherwise stated). Under the terms of the Premium Finance Agreement, Westfield, upon information and belief, paid Plaintiff's entire annual insurance premium to Arch. Westfield Bank in turn financed the insurance premium, and Plaintiffs were to make monthly premium payments to Westfield at a profit to Westfield.
14. Once insurance coverage was obtained for Long on or about March 29, 2016, Plaintiffs began making the periodic premiums, and engaged in logging work in Bullock County, Alabama.
15. The "Schedule of Covered Property" included a 1988 John Deere Skidder MDL #648D S#DW648D5522882, and a 2007 Hydro-Ax MDL #2470 S#PB19435.
16. In approximately May of 2016, the 1988 John Deere Skidder was destroyed in a fire loss. Plaintiff's made a claim under the terms of their insurance policy with Arch Insurance, and the claim was paid as a covered loss.
17. Thereafter, sometime prior to July 8, 2016, Plaintiff Long Excavating failed to timely pay a monthly insurance premium payment.
18. On July 8, Westfield mailed Plaintiff a Notice of Intent to Cancel Insurance due to the unpaid premium. Thereafter Long Excavating made the premium payment, and Long's insurance coverage with Arch was reinstated.

19. On September 8, 2016, Plaintiff Long Excavating again failed to make a timely monthly insurance premium payment, and Westfield sent a Notice of Intent to Cancel Insurance. The Notice of Intent to Cancel Insurance notified Long Excavating that if the outstanding premium payment was not received by September 23, 2016, Long's coverage would cancel effective September 23, 2016.
20. Due to inadvertence and/or oversight, Plaintiffs failed to make the premium payment before September 23, 2016.
21. Thereafter, on September 23, 2016, Westfield notified Bates and Daigle that Long had failed to make its premium payment before the lapse date, and Notice of Cancellation was issued cancelling insurance coverage for Long Excavating effective 12:01 AM on September 23, 2016.
22. On Friday, September 30, 2016, Brock Cody discovered the oversight and failure to have paid the August 2016 premium payment.
23. Brock Cody immediately called Bates Hewett & Floyd and spoke with his insurance representative Dee Dee Germany.
24. Following a full discussion with Germany about Long's insurance coverage and the need to reinstate Long's coverage, Germany, individually and as agent of Bates Hewett & Floyd, instructed Brock Cody to immediately make payment to Westfield Bank in the amount of $1,763.72.
25. Dee Dee Germany represented to Brock Cody that payment of $1,763.72 would pay all outstanding insurance premiums for Long Excavating, and would also pay all future remaining premiums for Long Excavating to maintain coverage with Arch Insurance through April of 2017.
26. Dee Dee Germany represented to Brock Cody that payment of $1,763.72 would allow his insurance coverage with Arch Insurance to be reinstated and that the equipment with Long Excavating would be covered.
27. Immediately following the conversation with Dee Dee Germany, at the direction of, and in reliance on, the representations of Dee Dee Germany, individually and as agent of Defendant Bates Hewett & Floyd, Brock Cody made electronic payment in the amount of $1,763.72 to Westfield Bank.
28. Brock Cody made payment of $1,763.72 was made on Friday, September 30, 2016. The payment posted on Monday, October 3, 2016.
29. On Monday, October 3, 2016, Brock Cody called Bates and spoke with Dee Dee Germany. At that time Germany acknowledged the premium payment made by Brock Cody for Long in the amount of $1,763.72.
30. Germany represented to Cody on October 3, 2016, that she had encountered similar situations in the past, and that she was confident Long's coverage would be reinstated. Germany told Brock not to worry about coverage, but if there was any problem she would call Cody.

31. Cody relied on these representations by Germany individually and as agent of Bates, and Long continued logging operations.
32. On October 7, 2016, Cody again called Bates and spoke with Dee Dee Germany. Germany again represented to Cody that she was confident Long Excavating had coverage and/or that coverage for Long Excavating would be reinstated as a result of the premium payment made by Cody on September 30, 2016.
33. On October 7, 2016, Germany again told Brock not to worry about coverage for Long, and that if she learned of any problem with the coverage for Long Excavating that she would contact Cody.
34. Brock Cody and Charles Long relied on the representations by Germany, individually and as agent of Bates. Brock Cody and Charles Long, Jr., believed they had taken all necessary steps to reinstated their coverage, and believed Germany that if there was any problem with coverage for Long Excavating that Dee Dee Germany would notify them. Long Excavating continued logging operations based on Germany's representations.
35. On October 14, 2016, unbeknownst to the Plaintiffs, Daigle notified Dee Dee Germany that, despite the premium payment by Brock Cody on September 30, 2016, Long Excavating's insurance coverage would not be reinstated, and that Long had no insurance coverage.
36. Dee Dee Germany failed to communicate to Brock Cody or Charles Stewart Long, Jr., that the insurance coverage for Long Excavating was not reinstated, and would not be reinstated, and that as a result Long Excavating had no insurance coverage.
37. At no time prior to October 20, 2016, was Brock Cody or Charles Stewart Long, Jr., notified that the insurance coverage for Long Excavating was not reinstated, and that as a result Long Excavating had no insurance coverage.
38. Following notification that Long Excavating's coverage would not be reinstated and that they had no coverage, Dee Dee Germany, individually and as agent of Bates, failed to procure replacement or other coverage for Long Excavating.
39. Thereafter, on October 20, 2016, while engaged in logging operations, Long's 2007 Hydro-Ax MDL #2470 S#PB19435 was totally destroyed by fire.
40. The fire and total loss experienced by Long Excavating was immediately turned in to Bates by Brock Cody. At that time, Dee Dee Germany represented to Brock Cody that she would submit the claim to the claims department.
41. It was not until after the loss of October 20, 2016, that Germany communicated to Charles Long, Jr., and Brock Cody that Long's insurance coverage was not reinstated, and that no replacement coverage had been procured for the Plaintiffs, and that Long Excavating, Brock Cody and Charles Long, Jr., had no coverage for the total fire loss of the 2007 Hydro-Ax MDL #2470 S#PB19435 on or about October 20, 2016.

## COUNT ONE
## BREACH OF CONTRACT

42. Plaintiffs adopt and incorporate by reference the foregoing paragraphs as if set forth herein again in full.
43. At all times material hereto, Dee Dee Germany was acting individually and as agent of Defendant Bates Hewett & Floyd.
44. At above stated times and places, Defendant Bates entered into a contract with Plaintiffs Brock Cody, Charles Stewart Long, Jr., and Long Excavating and Recycling, LLC, as set forth hereinabove to provide insurance coverage to said Plaintiffs. Bates and its agent Germany were in a fiduciary responsibility to the Plaintiffs.
45. As part of said contract, Defendant Bates, and Defendant Germany as agent of Bates, had a duty to notify Plaintiffs in the event their insurance coverage lapsed and would not be reinstated.
46. Bates and Germany also had a duty to procure replacement coverage for Long Excavating in the event insurance coverage for Long Excavating would not be reinstated.
47. Defendant Bates and Germany breached said contract.
48. As a proximate result of the breach of contract by Defendants, Plaintiffs have been injured and damaged as follows:
    a. Plaintiffs have suffered an uninsured loss;
    b. Plaintiffs Brock Cody and Charles Long, Jr., have suffered mental anguish;
    c. Plaintiffs have lost the value of their logging equipment, and have lost money;
    d. Plaintiffs have lost profits and income;
    e. Plaintiffs have been otherwise injured and damaged.

**WHEREFORE** Plaintiffs demand judgment against Defendants for compensatory damages in such sums as a jury shall award, plus interest and costs.

## COUNT TWO
## FRAUD

49. Plaintiffs adopt and incorporate by reference the foregoing paragraphs as if set forth herein again in full.
50. At the aforementioned times and places, the Defendants fraudulently misrepresented to the Plaintiffs that they had insurance coverage for their logging operation and their logging equipment.
51. Said Defendants also fraudulently misrepresented that in the event Defendants Germany or Bates learned that insurance coverage for Long Excavating would not be reinstated, the Plaintiffs would be properly and timely notified of such development.
52. The representations by the Defendants were false and the Defendants knew that they were false.
53. Plaintiffs relied on the misrepresentations of the Defendants.
54. As a proximate result of the Defendants fraudulent statements and misrepresentations, Plaintiffs have been injured and damaged as alleged hereinabove.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory and punitive damages in such sums as a jury shall award, plus interest and costs.

## COUNT THREE
## NEGLIGENCE, WANTONNESS AND/OR RECKLESSNESS

55. Plaintiffs adopt and incorporate by reference the foregoing paragraphs as if set forth herein again in full.
56. At the aforestated times and places, Defendants negligently, wantonly, and/or recklessly misrepresented to Brock Cody and Long Excavating that Long Excavating had insurance coverage for their logging operation and their logging equipment.
57. At the aforestated times and places, said Defendants also negligently, wantonly, and/or recklessly misrepresented to the Plaintiffs that in the event Germany or Bates learned that insurance coverage for Long Excavating would not be reinstated, the Plaintiffs would be properly and timely notified of such development.
58. At the aforestated times and places, Dee Dee Germany, individually and as agent of Defendant Bates, negligently, wantonly, and/or recklessly failed to notify Plaintiffs that despite the premium payment by Brock Cody to reinstate insurance coverage, Long Excavating's insurance coverage was not reinstated, and that Long had no insurance coverage for its ongoing logging operations or its equipment.
59. At the aforestated times and places, Dee Dee Germany, individually and as agent of Defendant Bates, negligently, wantonly, and/or recklessly failed to procure replacement or other coverage for Long Excavating with another insurance company or carrier.
60. At the aforesaid times and places, the Defendants otherwise, individually and collectively, negligently, willfully, wantonly, and/or recklessly acted and /or failed to act in such a manner so as to cause damage to the Plaintiffs as set forth hereinabove.
61. As a proximate consequence of the Defendants' negligence, willfulness, wantonness and/or recklessness, Plaintiffs have been injured and damaged as set forth hereinabove.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for compensatory and punitive damages in such sums as a jury shall award, plus interest and costs.

Dated this the 21st day of June, 2017.

**MORRIS, CARY, ANDREWS,**
**TALMADGE & DRIGGERS, LLC**

/s/ S. Mark Andrews
S. Mark Andrews (AND063)
Attorney for Plaintiff
P.O. Box 1649
Dothan, Alabama 36302
(334) 792-1420

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

/s/ S. Mark Andrews
S. Mark Andrews (AND063)

**DEFENDANTS MAY BE SERVED AT:**

**BATES HEWETT & FLOYD**
3400 Crill Avenue, Suite 2
Palatka, FL 32177

**DEE DEE GERMANY**
3400 Crill Avenue, Suite 2
Palatka, FL 32177