UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONG EXCAVATING & RECYCLING, LLC; BROCK CODY; CHARLES STEWART LONG, JR., | ) ) ) ) |
| PLAINTIFFS, | ) ) |
| V. | ) ) ) | CASE NUMBER: |
| BATES HEWETT & FLOYD INSURANCE AGENCY, DEE DEE GERMANY, et.al., | ) ) ) ) ) |
| DEFENDANT. | ) |

**MOTION TO TRANSFER TO SOUTHERN DIVISION
OF THE MIDDLE DISTRICT**

COME NOW, the Defendants, sued as Bates Hewett & Floyd Insurance Agency, whose true and correct name is Bates & Hewett, Inc., a Florida Corporation, and Dee Dee Germany, an individual in the above captioned matter and hereby file this Motion to Transfer Venue and submit the following:

**I.  UNDERLYING FACTS**

1. The following facts are not in dispute and are relevant to the issues presented in this Motion to Transfer:

**A.  Parties**

2. Plaintiff Long Excavating & Recycling, LLC ("Long Excavating") is a registered LLC, with its registered office being located at 119 Ross Clark Circle, Dothan, Alabama. (Exhibit 1, Articles of Organization of Long Excavating and Recycling, LLC).[1]

---

[1] The Articles of Organization were filed with the Judge of Probate in Houston County, Alabama.

1

3. Plaintiffs Brock Cody ("Cody") and Charles Long, Jr. ("Long") are the listed LLC members of Long Excavating. (Exhibit 1, Articles of Organization of Long Excavating and Recycling, LLC).

4. Cody's address is 92 Sanders Road, Kinsey, Alabama 36303. (Exhibit 1, Articles of Organization of Long Excavating and Recycling, LLC).

5. Long's address is 573 Ashley Circle, Dothan, Alabama. (Exhibit 1, Articles of Organization of Long Excavating and Recycling, LLC).

6. Defendant Bates & Hewett, Inc. ("Bates") is a Florida Corporation with its principle place of business in Palatka, Florida. (Exhibit 2, Bates Affidavit at ¶ 2).

7. Defendant Dee Dee Germany ("Germany") is a resident citizen of the State of Florida and resides at 430 East End Road, San Mateo, Florida. (Exhibit 3, Germany Affidavit at ¶ 1). Germany works for Bates in Bates' office in Palatka, Florida. (Exhibit 3, Germany Affidavit at ¶ 2).

8. None of the parties to this lawsuit reside in Bullock County or any other County located within the Northern Division of the Middle District of Alabama. The Plaintiffs reside in Houston County and the Defendants are Florida residents.

## B. Claims Asserted

9. This lawsuit involves the Plaintiffs' contention that they retained Bates to procure insurance for them, and that Bates failed to do so, and in the process, made certain misrepresentations to the Plaintiffs. (Doc. 1-2, Complaint).

10. According to the Plaintiffs, as a result of the Defendants' acts or omissions, Plaintiffs did not have insurance to cover a fire loss that they sustained to a 2007 Hyrdo-Ax. (Doc. 1-2, Complaint at ¶¶ 35-39). Although the Complaint is not completely clear as to where

the fire loss occurred, it appears that the fire loss occurred in Bullock County. (Doc. 1-2, Complaint at ¶¶ 7, 37). As will be discussed in more detail below, this appears to be the only connection to Bullock County, or any other county located within the Northern Division of the Middle District.

11. The Plaintiffs have asserted claims of Breach of Contract (Count I), Fraud (Count II) and Negligence, Wantonness and/or Recklessness (Count III). (Doc. 1-2, Complaint at ¶¶ 42-61).

### 1.  Breach of Contract

12. The specific allegations asserted by the Plaintiffs against the Defendants, in so far as the breach of contract claim is concerned, are as follows:

- At all times material hereto, Dee Dee Germany was acting individually and as agent of Defendant Bates Hewett & Floyd. (Doc. 1-2, Complaint at ¶ 43).

- At above stated times and places, Defendant Bates entered into a contract with Plaintiffs Brock Cody, Charles Stewart Long, Jr., and Long Excavating and Recycling, LLC, as set forth hereinabove to provide insurance coverage to said Plaintiffs. Bates and its agent Germany were in a fiduciary responsibility to the Plaintiffs. (Doc. 1-2, Complaint at ¶ 44).

- As part of said contract, Defendant Bates, and Defendant Germany as agent of Bates, had a duty to notify Plaintiffs in the event their insurance coverage lapsed and would not be reinstated. (Doc. 1-2, Complaint at ¶ 45).

- Bates and Germany also had a duty to procure replacement coverage for Long Excavating in the event insurance coverage for Long Excavating would not be reinstated. (Doc. 1-2, Complaint at ¶ 46).

- Defendant Bates and Germany breached said contract. (Doc. 1-2, Complaint at ¶ 47).

13.     There is no written contract alleged or in existence between the Plaintiffs and Defendants.  Therefore, the only contract that is alleged is an oral contract between the Plaintiffs and the Defendants, based upon Plaintiff Cody's conversations with Defendant Germany. Specifically, the following three conversations form the basis of the Plaintiffs breach of contract claim:

- On September 30, 2016, Cody spoke with Germany concerning the fact that Long Excavating failed to timely make the premium payment.  Plaintiffs allege that Germany informed Cody that if Long Excavating issued payment in the amount of $1,763.72, the insurance policy would be reinstated and that Long Excavating would be covered through April 2017. (Doc. 1-2, Complaint at ¶¶ 22-26).

- On October 3, 2016, Cody spoke to Germany, who allegedly acknowledged receipt of the premium payment, assured Cody that she felt certain that coverage would be reinstated and also told Cody that she would call him if there was any problem. (Doc. 1-2, Complaint at ¶¶ 29-30).

- On October 7, 2016 Cody spoke with Germany, who again allegedly assured Cody that coverage would be reinstated and that she would let Cody know if there were any problems. (Doc. 1-2, Complaint at ¶¶ 32-33).

14.     With respect to each of these communications, and every other communication between Germany and Cody, Germany was at the Bates office in Palatka, Florida when she allegedly entered into this oral contract on behalf of Bates and with Long Excavating, through Cody.  (Exhibit 3, Germany Affidavit at ¶ 6).  Therefore, none of the communications that allegedly serve as the basis of the claims asserted took place in Bullock County, or any other county within the Northern Division of the Middle District.

### 2. Misrepresentation Claims

15. Counts II and III of the Plaintiffs' Complaint assert claims of misrepresentation. (Doc. 1-2, Complaint at Counts II and III). The misrepresentation claims are based upon the representations alleged to have been made by Germany to Cody, as set forth in paragraph 13 above. Count II alleges that the misrepresentations were "false and the Defendants knew they were false. (Doc. 1-2, Complaint at ¶ 52). Count III alleges that the misrepresentations were made negligently, wantonly and/or recklessly. (Doc. 1-2, Complaint at ¶¶ 56, 58, 59).

16. As noted above, none of the communications that Germany had with Cody were made in Bullock County. (Exhibit 3, Germany Affidavit at ¶ 6).

## II. ARGUMENTS AND AUTHORITIES

17. The Defendants admittedly conducted business with a Houston County company, Long Excavating. The communications that the Defendants had with Long Excavating serve the basis of the claims asserted in this case. Therefore, pursuant to § 1391(b) venue is proper in the Middle District because Houston County is located within the Middle District.

18. However, under the doctrine of forum non conveniens, as codified in 28 U.S.C. §1404, this action is due to be transferred to the Southern Division of the Middle District, as there are no parties, witnesses, documents or events giving rise to the claims asserted that are present or occurred in Bullock County or any other county located within the Northern Division of the Middle District. There are, on the other hand, parties and documents present in Houston County. Further the events giving rise to the claims asserted occurred, in part, in Houston County.

19. §1404 provides in pertinent part as follows:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

28 U.S.C. § 1404(a)-(b).

20. All of the plaintiffs are Houston County residents. Further, the primary place of business of Long Excavating, and presumably the location of all relevant documents, is Houston County. The claims asserted in this case, that the Defendants are guilty of breach of contract and misrepresentation, are claims that these Defendants engaged in these improper acts towards Houston County residents, thereby causing damages to Houston County residents and a Houston County business.

21. On the other hand, the only claimed nexus to Bullock County, or any other county within the Northern Division, is that property happened to be fortuitously located in Bullock County when it was damaged. However, there is no allegation that these Defendants are guilty of any wrongdoing in connection with the damage to the equipment in Bullock County, or that the Defendants engaged in any improper conduct, or even entered Bullock County.

22. There simply is no relevant connection between the facts of this case and Bullock County or any other county within the Northern Division. There are, however, significant contacts with Houston County, and therefore, the Southern Division. Therefore, in the interests of justice and for the convenience of the parties and witnesses, Defendants request that this matter be transferred to the Southern Division. *See England v. ITT Thompson Indus., Inc.,* 856

F.2d 1518 (11th Cir. 1988); *Patel v. Howard Johnson Franchise Sys., Inc*., 928 F. Supp. 1099 (M.D. Ala. 1996).

WHEREFORE, premises considered, Defendants respectfully request that this Court grant this motion and that the Court enter an Order transferring this case from the Northern Division of the Middle District to the Southern Division of the Middle District.

/s/ W. Evans Brittain
W.H. Brittain, II (BRI012)
W. Evans Brittain (BRI038)
Attorney for Bates Hewett & Floyd
Insurance Agency and Dee Dee Germany

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com

## CERTIFICATE OF SERVICE

I hereby certify that on this August 4, 2017, I hand filed the foregoing with the Clerk of the Court and that the foregoing shall also be mailed via first class mail to the following:

S. Mark Andrews
Morris, Cary, Andrews,
Talmadge & Driggers, LLC
P.O. Box 1649
Dothan, Alabama 36302

/s/ W. Evans Brittain
OF COUNSEL