IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LONG EXCAVATING & RECYCLING, LLC, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 2:17-CV-510-SMD ) |
| BATES HEWETT & FLOYD INSURANCE AGENCY, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Before the Court is Defendant Westfield Bank's ("Westfield") Motion to Dismiss (Doc. 71) Plaintiffs' Third Amended Complaint (Doc. 65) as to Plaintiffs Brock Cody's ("Cody") and Charles Stewart Long's ("Long") individual claims against Westfield. Westfield argues that Cody and Long, as owners of Long Excavating & Recycling ("LER"), are not parties to a Premium Finance Agreement ("the Agreement") between Westfield and LER and, therefore, lack standing to bring any claims under the Agreement. For the reasons explained more fully below, Westfield's Motion is granted.

**II. BACKGROUND**

On June 21, 2017, Plaintiffs initiated this action by filing a three-count Complaint in state court against Defendants, Bates Hewett & Floyd Insurance Agency ("Bates") and its agent employee, Dee Dee Germany. (Doc. 1-9). One week later, Defendants removed

the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the basis of diversity jurisdiction. (Doc. 1). After Defendants answered the Complaint (Doc. 27), the parties jointly moved to amend their pleadings to add Westfield as a party defendant, which this Court granted. (Docs. 28, 29). Thereafter, Plaintiffs filed a Second Amended Complaint. (Doc. 52). Defendants filed a Motion to Dismiss (Doc. 54) Plaintiffs' Second Amended Complaint, which the Court granted in part and denied in part (Doc. 64). In its Order, the Court granted Plaintiff leave to file a third amended complaint "to allege additional facts relating to the standing and claims of the individual Plaintiffs" as "potential third-party beneficiaries of the Premium Finance Agreement." *Id.* at 7. Plaintiffs subsequently filed their Third Amended Complaint (Doc. 65) and Westfield filed a Motion to Dismiss (Doc. 71) Plaintiffs' Third Amended Complaint arguing that Plaintiffs failed to allege sufficient facts to show Cody and Long had standing to bring individual claims under the Agreement against Westfield. *Id.* at 2.

In their Third Amended Complaint, Plaintiffs allege that Cody and Long are the owners and sole members of LER, which is a logging business. (Doc. 65) at 2. LER contracted to perform logging work in Bullock County, Alabama. *Id.* As part of the terms of the logging contract, LER was required to procure and maintain insurance coverage for its equipment and logging activities. *Id.* Cody and Long obtained insurance coverage on behalf of LER through Bates. *Id.* Bates brokered insurance coverage for LER with Arch Insurance Company ("Arch"). *Id.* Bates also obtained financing for LER under a Premium Finance Agreement with Westfield that paid LER's entire annual insurance premium to Arch. *Id.* In turn, Plaintiffs were to make monthly premium payments to Westfield. *Id.*

Once insurance coverage was obtained for LER in March 2016, Plaintiffs began making the periodic insurance premium payment and engaged in logging work. *Id.* at 3.

The insurance policy obtained for LER included coverage for a 2007 Hydro-Ax Model 2470 ("the Hyrdo-Ax"). *Id.* On March 8, 2016, Cody obtained a loan from PeoplesSouth Bank in his individual capacity—not as an agent of LER—to pay a portion of the purchase cost of the Hydro-Ax. *Id.* That same day, Long executed a Promissory Note in his individual capacity—not as an agent of LER—promising to repay Cody for the total amount of the loan. *Id.*

On September 8, 2016, LER failed to make a timely monthly insurance premium payment to Westfield, and Westfield sent a Notice of Intent to Cancel Insurance to Bates. *Id.* at 4. On September 23, 2016, Westfield issued a Notice of Cancellation that canceled insurance coverage for LER, effective 12:01 a.m. on September 23, 2016. *Id.* After speaking with Bates' agent, Dee Dee Germany, who assured him coverage would be reinstated if payment was made, Cody made the required monthly insurance premium payment, which posted on October 3, 2016. *Id.* at 4-5. Unbeknownst to Plaintiffs, LER's insurance coverage was not reinstated. *Id.* at 5. On October 20, 2016, while engaged in logging operations, LER's Hydro-Ax was destroyed by fire. *Id.* at 6. Cody immediately made a claim to Bates for the fire loss. *Id.* Thereafter, Plaintiffs learned that LER's insurance coverage was not reinstated, that no replacement coverage had been procured, and that there was no coverage for the October 20, 2016 loss. *Id.* at 5-6.

## III. STANDARD OF REVIEW

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys.*, Inc, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting U.S. Const. Art. III § 2). "The 'triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.'" *Stalley*, 524 F.3d at 1232 (quoting *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004)). "[T]he Supreme Court has declared that the standing inquiry 'is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "Moreover, '[s]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.'" *Id.* (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005)). To have standing, a plaintiff must allege an invasion of a legally-protected interest which is fairly traceable to the conduct of the defendant. *Lujan*, 504 U.S. at 560-61.

Defendants challenge Cody and Long's standing pursuant to Rule 12(b)(6). The 11th Circuit has held that a challenge to third-party beneficiary status is a challenge to prudential standing subject to Rule 12(b)(6) analysis. *Newton v. Duke Energy Fla.*, LLC, 895 F. 3d 1270, 1274 (11th Cir. 2018) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need only "state a claim to relief that is plausible on its face." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "detailed factual allegations" are not required, mere "labels and conclusions" or "formulaic recitation of the elements of a cause of action" are not enough. *Iqbal*, 556 U.S. at 678. "For the purposes of a motion to dismiss[,] we must take all of the factual allegations in the complaint as true. . . ." *Id.* (citing *Twombly*, 550 U.S. at 556).

## IV. DISCUSSION

A claim for breach of contract arises under state law and federal courts sitting in diversity apply the law of the forum state. *See Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998). Under Alabama law, "[t]o recover under a third-party beneficiary theory [for breach of contract], the complainant must show: 1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; 2) that the complainant was the intended beneficiary of the contract; and 3) that the contract was breached." *Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc.*, 512 So. 2d 99, 101-02 (Ala. 1987). "It has long been the rule in Alabama that one who seeks recovery as a third-party beneficiary of a contract must establish that the contract was intended for his direct, as opposed to incidental, benefit." *McGowan v. Chrysler Corp.*, 631 So. 2d 842, 848 (Ala. 1993). The intention of the contracting parties, as disclosed by the writing, if any, and the surrounding circumstances known to the parties, determines the rights of the alleged third-party beneficiary. *Weninegar v. S.S. Steele & Co.*, 477 So. 2d 949, 955 (Ala. 1985); *Mut. Benefit Health & Accident Ass'n of Omaha v. Bullard*, 270 Ala. 558, 567, 120 So. 2d 714, 723 (1960).

5

In their Third Amended Complaint (Doc. 65), Plaintiffs allege that Westfield breached the Agreement by improperly cancelling their insurance coverage for non-payment of premiums. *Id.* at 7. Plaintiffs further aver that, because of the insurance lapse, they suffered a complete uninsured loss of the Hydro-Ax. *Id.* at 8. Brock and Long claim standing to bring individual claims against Westfield because they personally guaranteed financing for the purchase of the Hydro-Ax and, therefore, are third-party beneficiaries of the Agreement between Westfield and LER. *Id.* at 10-19.

Cody and Long specifically allege that they "were the intended third-party beneficiaries of the insurance coverage . . . and . . . of [the Agreement] with Westfield." *Id.* at 2. Plaintiffs claim that the Agreement "existed to protect [Cody and Long] from suffering an uninsured loss. . . ." *Id.* Plaintiffs further allege Westfield and LER "intended to bestow a benefit to [Cody and Long] in providing insurance coverage. . . ." *Id.* at 3. Cody and Long aver that, in reliance on their belief they were individually covered by the Agreement, they personally guaranteed financing of the Hydro-Ax. *Id.* at 9. Plaintiffs allege that Westfield breached the contract by improperly cancelling Plaintiffs' insurance coverage. *Id.* at 12. Finally, Plaintiffs allege that, because of Westfield's breach, Cody and Long "suffered an uninsured loss" and "personal individual injury." *Id.*

After reviewing Plaintiffs' Complaint, the undersigned concludes that Plaintiffs Cody and Long have not plausibly alleged standing to bring their breach of contract claim against Westfield under a third-party beneficiary theory. Plaintiffs' conclusory assertions that Westfield intended to bestow a direct benefit on Cody and Long are unsupported by any factual allegations. The only parties listed on the Agreement are Westfield and LER.

6

(Doc. 72-1; 72-2). Although Cody signed the Agreement as an agent of LER, that does not make him a party to the Agreement. *See Clement Contracting Grp. V. Coating Sys., LLC*, 881 So. 2d 971, 975 (Ala. 2003) ("The mere act of signing the contract on behalf of [his company] in his capacity as [its sole] member did not make [the owner] a signatory to the contract in his individual capacity."). It is apparent from the face of the Agreement that the contracting parties did not intend to bestow a direct benefit upon Cody and Long. *See Allied-Bruce Terminix Cos., Inc. v. Butler*, 816 So. 2d 9, 13 (Ala. 2001); *Ramsey v. Taylor*, 567 So. 2d 1325, 1327 (Ala. 1990). The Insurance Policy, like the Finance Agreement, lists LER as the only insured party. (Doc. 72-4). The Policy does not reflect any potential third-party benefit to any individual members of the company. *Id.* Long and Cody are not included as named insureds, additional insureds, or loss payees under the Policy which would indicate that they were intended beneficiaries. *Id.*; *see Cook v. Trinity Universal Ins. Co. of Kansas*, 297 F. App'x 911, 914 (11th Cir. 2008).

Critically, although Cody and Long allege that Westfield knew they were the sole owners of LER, (Doc. 65) at 12, Plaintiffs do not allege that Westfield was aware that Cody and Long were individually responsible—rather than LER—for repayment of the loans used to purchase the Hydro-Ax. Without such knowledge, the undersigned cannot conclude that Westfield intended, at the time the contract was created, to bestow a direct benefit upon Cody and Long. *See Bay Lines, Inc. v. Stoughton Trailers, Inc.*, 838 So. 2d 1013, 1018 (Ala. 2002).

Because Cody and Long have failed to plausibly allege that they are parties—as third-party beneficiaries—to the contract at issue in this case, they lack standing to bring a

7

breach of contract claim pursuant to that contract. Therefore, the individual claims of Long and Cody are due to be dismissed for failure to state a claim upon which relief can be granted.

## V. CONCLUSION

Accordingly, for the foregoing reasons, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 71) Plaintiffs' Third Amended Complaint is GRANTED as it relates to Plaintiffs Brock Cody and Charles Stewart Long individual claims against Defendant Westfield Bank.

Done this 6th day of August, 2019.

<u>/s/ Stephen M. Doyle</u>
UNITED STATES MAGISTRATE JUDGE